## People of the State of Illinois, Defendant in Error, v. Christine Conzo, Plaintiff in Error.

### Gen. No. 41,283.

DENIS E. SULLIVAN, J., dissenting.

Opinion filed November 20, 1940.

DARROW, SMITH & CARLIN, of Chicago, for plaintiff in error; WM. W. SMITH, of Chicago, of counsel.

THOMAS J. COURTNEY, State's Attorney, for defendant in error; EDWARD E. WILSON, JOHN T. GALLAGHER and MELVIN S. REMBE, Assistant State's Attorneys, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On January 11, 1939, in response to a subpoena, Christine Conzo appeared before the grand jury of Cook county. On her refusal to answer certain questions, the criminal court, presided over by Hon.

Michael L. McKinley, Chief Justice, found her guilty of contempt and sentenced her to confinement in the county jail for a term of 30 days, which contempt proceeding was docketed as No. A-24. The proceeding was considered in an opinion filed October 25, 1939 (301 Ill. App. 524), wherein we reversed the judgment and remanded the cause. When the mandate was filed in the criminal court the cause was redocketed and transferred to Judge McKinley. He was chief justice of the criminal court for the court year commencing September 5, 1938, and ending September 3, 1939. At the time criminal court contempt case No. A-24 was redocketed and assigned to him, he was sitting as a judge of the superior court of Cook county. The record does not show that any further action was taken in case No. A-24. While the latter case was pending and on December 27, 1939, an order was entered in the criminal court, Judge McKinley presiding, giving the State's Attorney leave to file an information charging Christine Conzo with contempt and directing that the cause be docketed and entitled ''People of the State of Illinois v. Christine Conzo.'' This information was given criminal court No. A-48. The latter information set up the facts substantially as related in our previous opinion, and in addition stated that on January 12, 1939, Francis J. Kennedy, Edward J. Fisher and Hubert Heintz were indicted by the grand jury for conspiracy to obstruct the administration of justice; that on October 26, 1939, Christine Conzo appeared as a witness for the defendants in the trial of the cause entitled ''People of the State of Illinois v. Francis J. Kennedy, Edward J. Fisher and Hubert Heintz,'' indictment No. 39-63, before Honorable James A. Fardy, a judge of the criminal court of Cook county; that Christine Conzo then testified that she was a friend of Kennedy and that she had known him for about nine years; that in the month of November, 1938, in the company of Kennedy she met Hubert Heintz; that

she met him about two or three times, each time in the company of Kennedy; that about the second time she met Heintz she knew he was a client of Kennedy; that during the times that she met him she did not learn from him or Kennedy or anyone else that Heintz was suspected of committing a robbery; that she did not at any time purchase any hair tonic or wash for the purpose of changing the color of the hair of Hubert Heintz, and that she did not purchase anything in a drug store at any time at the request of Kennedy or Heintz while she was in the company of Heintz. The petition represented that when Christine Conzo appeared before the grand jury she "did not have any fear of incriminating herself and was not sincere in her claim that her answers to the questions asked her before the grand jury would incriminate her and that her refusal to answer said questions was contumacious and contemptuous, as is clearly shown by her answers on the trial of the cause." An attachment issued against respondent. She filed a motion to strike the information. The eighth point of the motion is that "this court, to-wit: the court now presided over by the Honorable Michael L. McKinley, is without jurisdiction to try, hear, determine or entertain the information." The court denied the motion and she filed her verified answer, which concluded by asserting that her refusal to answer the questions before the grand jury upon the ground that they would tend to incriminate her, was made in good faith and was in accordance with her best judgment, and was in accordance with the advice she had theretofore received to the effect that she was within her rights in refusing to answer any question which she, in her judgment, deemed might tend to incriminate her, and that when she claimed her privilege against self-incrimination before the grand jury, she was firmly of the opinion that her answers to the questions asked her might tend to incriminate her. On March 1, 1940, the criminal court, Judge

MICHAEL L. McKINLEY presiding, found that the "respondent is in contempt of court because her said answers disclose that she was not in the slightest danger of incriminating herself by her said answers and that the answers being of such nature that she could not have been in such danger of incriminating herself and that her answer admitting all the allegations set forth in the petition of the People of the State of Illinois to be true fails to purge her from contempt of court, and the court therefore finds the said Christine Conzo guilty of contempt of court." She was sentenced to serve five days in the common jail of Cook county and has prosecuted a writ of error for the purpose of reviewing the record.

One of the points urged by the respondent is that the court was without jurisdiction. As heretofore stated, the assignment of Judge McKINLEY to sit as a judge of the criminal court of Cook county expired on September 3, 1939. However, it is contended that he had the right to preside over the instant contempt case because of the provisions of the second paragraph of an order entered by the executive committee of the superior court on June 27, 1938, and filed in the criminal court on March 1, 1940, *nunc pro tunc* as of January 22, 1940, which order reads:

"In The Superior Court of Cook County
Executive Committee Order.

"It is ordered by the Executive Committee that Judges James F. Fardy, William J. Lindsay, M. L. McKinley and Walter J. Stanton, be and they are hereby assigned to the Criminal Court of Cook County for the court year commencing Monday, September 5, A.D., 1938.

"It is further ordered that every order of assignment heretofore made or hereafter to be made of any judge of the Superior Court of Cook County to serve as a judge of the Criminal Court of Cook County shall

be deemed to contain a provision as if the same had been written into it that the assignment is for the period designated by the order and for such further time thereafter as shall be required to hear and determine any matter directly or incidentally connected with any cause which such judge had or shall have heard as a judge of the Criminal Court of Cook County during the period for which he was assigned, notwithstanding the fact that such period of assignment has expired and the judge is holding Superior Court.'' In *People v. Feinberg*, 348 Ill. 549, the Supreme Court held that a judge of the circuit court or superior court is not a judge of the criminal court until he has been assigned to that service by the judges of the circuit or superior court, in accordance with the rules of such court regulating assignment, and that no judge of the circuit or superior court, unless so assigned, has the right to hold a term of the criminal court. Therein the Supreme Court recognizes the power and duty of the judges of the circuit and superior courts to adopt rules governing the assignment of judges to sit in the criminal court. It will be noted that this power to adopt rules governing such assignment is lodged in the judges. The *Feinberg* case also inferentially recognizes the validity of rules which delegate the power of assignment to the executive committee. The brief of defendant in error does not differentiate between a rule of court and an order of the executive committee. This brief speaks of the order of the executive committee as a rule of court and then argues that ''a rule which allowed a judge to finish matters which he began while sitting in the Criminal Court is reasonable.'' The only rule of the superior court (relating to assignments of judges to the criminal court) which we have been able to find, is rule 1, section 2 of which provides that ''judges who are to sit in the Criminal Court of Cook County shall be annually designated by the Executive Committee herein-

after mentioned from among the judges as nearly as may be in rotation.'' Section 2 of rule 1, then, is the source of the supposed power of the executive committee to enter the second paragraph of the order of June 27, 1938.

We are called upon, therefore, to determine whether in adopting said paragraph, the executive committee exceeded the powers delegated to it by the rule. First, it will be observed that the rule contemplates that the judges who are to sit in the criminal court shall be annually designated by the executive committee as nearly as may be in rotation. The order purports to affect any assignment ''heretofore made or hereafter to be made'' of any judge of the superior court to serve as a judge of the criminal court. What is meant by the language that every order or assignment shall be deemed to contain a provision that such assignment is for the period designated by the order and for such further time thereafter as shall be required ''to hear and determine any matter directly or incidentally connected with any cause which such judge had or shall have heard as a judge of the Criminal Court of Cook County during the period for which he was assigned notwithstanding the fact that such period of time has expired and the judge is holding Superior Court?'' What is meant by the words ''directly or incidentally connected with any cause?'' What is the meaning of the words ''any cause which such judge had or shall have heard as a judge of the Criminal Court of Cook County during the period for which he was assigned?'' This language purports to authorize any judge who was at any time assigned to the criminal court to resume jurisdiction in that court at any time to ''hear and determine any matter directly or incidentally connected with any cause'' which such judge at any time ''had'' on his trial call, or ''shall have heard'' during the period for which he was assigned. All indictments are returned before the chief justice and therefore he

"had" all indictments returned during his tenure of office. Hence, presumably he or any other judge whose assignment had expired could return to the criminal court at any time "to hear and determine any matter directly or incidentally connected with any cause" which he "had" or "shall have heard." We are not at this time called upon to determine whether the judges, by rule of court, could authorize the executive committee to adopt such an order as we are discussing. The judges of the superior court possess a broad power to provide by rule the method by which judges shall be assigned, but it is manifest that the judges did not delegate to the executive committee any power to enter the second paragraph of the order of June 27, 1938. Under this order, Judge McKinley, who was then sitting in the superior court, undertook to hear and determine the new contempt case. The information in the instant case initiated a new proceeding and does not purport to be an amendment to the information in the first case. We are convinced that the second paragraph of the order entered by the executive committee of the superior court on June 27, 1938, exceeded the power given to such committee by the judges and did not give Judge McKinley jurisdiction over the instant contempt proceeding. Therefore, the judgment of the criminal court of Cook county is reversed.

*Judgment reversed.*

Hebel, P. J., concurs.

Denis E. Sullivan, J., dissents.